UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gerald Smith, | ) | CASE NO. 1:03 CV 1551 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Monaco Coach Corporation, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiff's Motion to Vacate and For Relief from the October 25, 2004 Judgment Entry and Motion to Reinstate Case (Doc. 31). This case arises out of the sale of an allegedly defective motor home. For the reasons that follow, the motion is DENIED.

### FACTS

Plaintiff, Gerald Smith, brought this action against defendant, Monaco Coach Corporation, alleging that the motor home he purchased is defective. On September 22, 2004, this Court held a settlement conference in this matter. After lengthy negotiations with

1

substantial assistance from this Court, the parties left the conference confident that a settlement would soon be reached. The Court orally informed the parties that it was setting a status conference for October 25, 2004, on the off-chance the parties were unable to reach a settlement. Thereafter, the Court issued a written order memorializing that a status conference was set for October 25, 2004. In addition, the Court telephonically contacted counsel for both plaintiff and defendant on October 21, 2004, to remind them of the status conference. Even though the Court notified the attorneys on at least three separate occasions, neither side made itself available for the conference. As a result, the Court issued a judgment entry indicating that the case was settled and dismissed with prejudice.

One year later, plaintiff moves the Court pursuant to Rule 60(b) for an order vacating the judgment entry on the grounds that it was erroneously entered by the Court. Defendant opposes the motion.

### **DISCUSSION**

Rule 60(b) provides that relief may be granted only for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, release, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

"The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not

more than one year after the judgment...was entered." Fed. R. Civ. Pro. 60(b).

Plaintiff argues that it is entitled to relief from judgment because the Court erroneously entered judgment in this case based on the mistaken belief that the parties had reached a settlement.  According to plaintiff, the parties reached only a tentative settlement, requiring defendant to repair the motor home within 30 days.  Thus, plaintiff claims that the Court erred in "inadvertantly" dismissing the case with prejudice absent a motion from either party.  Plaintiff further claims that defendant breached the "tentative" settlement agreement by "failing to timely perform the repairs within the agreed-upon time frame rendering the entry of dismissal inequitable."  Plaintiff further argues that he never signed a release.

Defendant responds that the Court properly entered dismissal because the parties in fact reached a settlement in this matter.  Defendant points out that plaintiff's counsel did not attend the status conference.  Nor did plaintiff's counsel alert the Court that it erred by dismissing this case.  According to defendant, even if the settlement agreement was "tentative," in that it gave defendant 30 days to complete repairs, plaintiff should have informed the Court after the 30-day period passed.

Upon review of the parties' arguments, the Court agrees with defendant.  If plaintiff truly believed that no settlement had been reached, it should have immediately alerted the Court that the judgment was entered erroneously and this case would have proceeded expeditiously.  The Federal Rules of Civil Procedure require that motions made pursuant to Rule 60(b) must be filed within a "reasonable time."  Under no set of circumstances is it "reasonable" for plaintiff to wait until one year after this Court dismissed the case to argue that, in fact, no settlement was ever reached.  Accordingly, plaintiff's motion is not timely.  Moreover, the Court agrees with

defendant that, to the extent plaintiff is actually attempting to enforce the settlement agreement, such an argument is not properly made via a Rule 60(b) motion in this case.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Vacate and For Relief from the October 25, 2004 Judgment Entry and Motion to Reinstate Case is DENIED.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 11/21/05